UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| VICTOR JACKSON, II, | ) | |
|---|---|---|
| | ) | Case Nos. 1:18-cr-106; 1:21-cv-45 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Victor Jackson, II's motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-45; Doc. 344 in Case No. 1:18-cr-106). For the following reasons, Petitioner's motion is **DENIED**.

**I. BACKGROUND**

On July 24, 2018, a grand jury returned an indictment charging Petitioner with: (1) conspiring to distribute a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 846 ("Count One"); (2) conspiring to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846 ("Count Two"); (3) conspiring to distribute a mixture and substance containing a detectable amount of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846 ("Count Three"); (4) possession with the intent to distribute a mixture and substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) ("Count Eight"); (5) two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Nine and Count Twelve"); (6) two counts of aiding

and abetting a person distributing a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 ("Count Ten and Count Thirteen"); and (7) two counts of distributing a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) ("Count Eleven and Count Fourteen"). (Doc. 1 in Case No. 1:18-cr-106.) On September 13, 2019, Petitioner entered a plea agreement in which he agreed to plead guilty to Count One, conspiracy to distribute fentanyl, and Count Eight, possession with the intent to distribute fentanyl. (Doc. 307 in Case No. 1:18-cr-106.) In return, the Government agreed to move to dismiss Counts Two, Three, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen. (*Id*.) Additionally, as part of his plea agreement, Petitioner agreed and stipulated that the following factual basis supported his decision to plead guilty:

(a) Within the charged timeframe of the conspiracy in Count One the defendant distributed fentanyl in the form of pills marked to appear as prescription narcotics to others, including at least one co-defendant named in the Indictment.

(b) Over court-authorized wire intercepts occurring during the autumn of 2017, the defendant discussed the sale of these pills with a co-defendant whose phone call were being intercepted. The defendant was asked if he had the blue pills, which were the pills containing fentanyl, and the defendant responded that he was expecting them soon.

(c) On November 17, 2017, a federal search warrant was executed at the defendant's place of business, Chattanooga Beauty and Barber Supply. Among other items of evidentiary value, 33 blue pills, which laboratory testing confirmed contained fentanyl, were found. The defendant admitted to agents that he was the seller of the blue pills, although he did not provide further details of his involvement therewith.

(d) A defendant in a related case pled guilty to conspiring to manufacture and distribute fentanyl, and has been sentenced by the District Court that presides in defendant's case. He was the supplier of significant quantities of pills containing fentanyl to others in the Chattanooga area. He identified the defendant as an individual to whom he distributed the pills. He estimated that he provided many thousands of such pills to the defendant over the course of

2
Case 1:18-cr-00106-TRM-SKL    Document 349    Filed 03/16/22    Page 2 of 8    PageID #: 2909

> dealings beginning sometime in the summer of 2016 and continuing until November of 2017.
>
> (e) Lab testing of the pills containing fentanyl that were distributed by the defendant and others charged in the conspiracy has established that each pill contains .117 grams of a mixture and substance containing fentanyl. The parties agree that the defendant was involved in the distribution of between 1.2 and 4 kilograms of a mixture and substance containing fentanyl during the conspiracy. Much of the defendant's participation in the conspiracy, and his possession with the intent to distribute fentanyl, occurred within the Eastern District of Tennessee.

(*Id*. at 2–3.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the plea agreement also stated that the Petitioner and the Government agreed that a one-hundred-month term of imprisonment was the appropriate disposition. (*Id*. at 4.)

On October 10, 2019, United States Magistrate Judge Susan K. Lee conducted Petitioner's change-of-plea hearing. (*See* Doc. 311 in Case No. 1:18-cr-106.) During his change-of-plea hearing, and while under oath, Petitioner represented that: (1) he was satisfied with his attorney's representation; (2) he had adequate time to read and discuss the plea agreement with his attorney; (3) he understood the terms of his plea agreement; (4) he carefully reviewed the factual basis in his plea agreement with his attorney; and (5) he agreed that the factual basis in his plea agreement was true and accurate.

On February 28, 2020, the Court conducted Petitioner's sentencing hearing. (*See* Doc. 345 in Case No. 1:18-cr-106.) After Petitioner withdrew his objections to his presentence report, the Court adopted the presented report and calculated Petitioner's guidelines as 135 to 168 months' imprisonment, based on an offense level of 31 and a criminal history category III. (*Id*. at 4.) The Court then accepted the parties' plea agreement, and, consistent with the terms of the plea agreement, it sentenced Petitioner to one-hundred months' imprisonment. (*Id*. at 10.) Petitioner did not appeal his conviction or sentence.

On March 8, 2021, Petitioner timely filed the instant § 2255 motion. (Doc. 1 in Case No. 1:21-cv-45.) In his motion, Petitioner asserts that he received ineffective assistance of counsel because his counsel: (1) did not challenge the quantity attributed to him at sentencing, which, he contends, negatively impacted the Court's calculation of his sentencing guidelines; and (2) failed to timely file a notice of appeal. (*Id*. at 4–5.) Petitioner's § 2255 motion is ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, in ruling on a motion made pursuant to 28 U.S.C. § 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to

an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

In his § 2255 motion, Petitioner asserts that he received ineffective assistance of counsel because his counsel: (1) did not object to the quantity attributed to him at sentencing, which, he contends, negatively impacted the Court's calculation of his sentencing guidelines; and (2) failed to timely file a notice of appeal. (Doc. 1 at 4–5 in Case No. 1:21-cv-45.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Failure to file a suppression motion may amount to ineffective assistance, but it is not ineffective assistance *per se*. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To demonstrate ineffective assistance of counsel based on failure to file a motion to suppress, a petitioner must show that counsel's failure fell below an objective standard of reasonableness. *Id*. The petitioner must also demonstrate that his motion to suppress is meritorious and that there is a reasonable probability that the outcome would have been different absent the excludable evidence. *Williams v. United States*, 632 F. App'x 816, 821 (6th Cir. 2015) (citing *Kimmelman*, 477 U.S. at 375).

### A. Failure to Object to Drug Quantity

Petitioner first argues that he received ineffective assistance of counsel because his attorney did not object to the drug quantity attributed to him at sentencing. (Doc. 1, at 4 in Case No. 1:21-cv-45.) This argument, however, fails for multiple reasons. First, based on Petitioner's stipulated factual basis in his plea agreement (Doc. 307 in Case No. 1:18-cr-106), which he confirmed under oath was true and accurate at his change-of-plea hearing, the Court correctly calculated Petitioner's guidelines. Specifically, in his plea agreement, Petitioner stipulated that "[t]he parties agree that the defendant was involved in the distribution of between 1.2 and 4 kilograms of a mixture and substance containing fentanyl during the conspiracy." (*Id*.) Based on this stipulated fact, the Court correctly calculated Petitioner's base-offense level as 32 and his total-offense level as 31, which, combined with a criminal history category III, yields a guidelines range of 135 to 168 months' imprisonment. *See* U.S.S.G. § 2D1.1(c)(4).

Second, Petitioner was sentenced to 100 months' imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under these circumstances, the drug quantity attributed to him and the resulting guideline calculation did not impact his sentence, because he was sentenced based on a negotiated plea. *See United States v. Luster*, 346 F. App'x 353, 355 (10th Cir. 2009) As a result, Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness by failing to object to the drug quantity at sentencing or that he was prejudiced as a result.

## B. Failure to File a Notice of Appeal

Petitioner asserts that he received ineffective assistance of counsel because his attorney failed to file an appeal. (Doc. 1 at 5 in Case No. 1:21-cv-45.) The Sixth Circuit has held that "[a]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). Additionally, a defendant is prejudiced by his attorney's failure to file a notice of appeal after express instructions to do so because he has been deprived "of the appellate proceeding altogether." *Id*. The Sixth Circuit, however, has explained that "the defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis" and that "the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

In this case, Petitioner does not represent that he specifically requested that his attorney file a notice of appeal on his behalf. Instead, Petitioner argues that, "[a]lthough the Government correctly states that [Petitioner] has not alleged that he asked his attorney to file an appeal, . . . and also that he has not alleged that he unequivocally instructed counsel to appeal within the
7
Case 1:18-cr-00106-TRM-SKL   Document 349   Filed 03/16/22   Page 7 of 8   PageID #: 2914

time period for doing so, nor that counsel disregarded his request, . . . counsel's conduct rendered the absence of such averments obsolete." (Doc. 7, at 8 in Case No. 1:21-cv-45.) In other words, Petitioner concedes that he did not instruct his counsel to file a notice of appeal. Accordingly, Petitioner has not demonstrated that his attorney's performance fell below an objective standard of reasonableness or that he received ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-45; Doc. 344 in Case No. 1:18-cr-106) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**